**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

YOVANI ALVAREZ, on behalf of herself
and all others similarly situated,

               Plaintiff,

          -against-

CREDIT CONTROL, LLC

             Defendant.

---

Civil Action Number:

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

---

       Plaintiff YOVANI ALVAREZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP against Defendant CREDIT CONTROL, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its Corporate Headquarters located in Hazelwood, MO.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 17, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to JH PORTFOLIO DEBT EQUITIES

LLC.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding potential IRS tax consequences.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO YOVANI ALVAREZ

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to April 17, 2017, an obligation was allegedly incurred by Plaintiff to Defendant.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. At a time known only to Defendant, CREDIT CONTROL, LLC, directly or through an intermediary, contracted Defendant to collect on alleged debt owned by JH PORTFOLIO DEBT EQUITIES LLC.

18. This debt was purportedly transferred to CREDIT CONTROL, LLC, from JH PORTFOLIO DEBT EQUITIES LLC, at a time only known to the Defendant for the purpose of collection.

19. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on April 17, 2017.  (**Exhibit A**).

5

20. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. Said communication states that the creditor to whom the debt is owed is JH PORTFOLIO DEBT EQUITIES LLC.

22. Said Communication further states that the Current Balance Due: $1,998.75.

23. Said Communication further states, "Please be aware that if the amount of Principal debt forgiven as a result of settlement is equal to or greater than $600.00, the current creditor may be required by Internal Revenue Code Section 6050P to issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended you consult with a certified public accountant or other tax professionals."

24. As set forth in the following Counts, Defendant's communication violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. § 1692e, *et seq***
**False or Misleading Representations**

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

28. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

29. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

30. It is thus entirely conceivable to forgive amounts of a debt and yet not report the balances forgiven to the Internal Revenue Service.

31. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

32. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

33. The language in the letter that states "Please be aware that if the amount of Principal debt forgiven as a result of settlement is equal to or greater than $600.00, the current creditor may be required by Internal Revenue Code Section 6050P to issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended you consult with a certified public accountant or other tax professionals."

34. The Defendant fails to identify what portion of the $1,998.75 alleged Balance, represents the Principal.

---

[1] *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

35.   The least sophisticated consumer would understand this statement to mean that Defendant is required by IRS regulations to report forgiveness of debt.

36. Although Defendant had no duty to disclose any potential tax ramifications,[2] when it chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

37.   Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens **only if** the principal forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the $600 or greater amount forgiven contained interest forgiveness, so long as the principal was less than $600.

38.      The statement regarding the reporting of the forgiveness of debt coupled with the fact that defendant failed to clearly identify what amount of the alleged balance represents the principal, is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete

---

[2] See. *Altman v. J.C. Christensen & Assocs.*, 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015). "[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

tax information, because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS report forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness if the amount contained interest.

39.     If the creditor legitimately wishes to give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

40.     Although, Defendant used the word principal in its notification, Defendant failed to identify what part of the balance represents the principal.

41.     The creditor should specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

42.     The use of the words "as required by Internal Revenue code." is an attempt by the debt collector to make the debtor think that the IRS regulations require the reporting of all forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor will report all forgiveness of debt as is required by IRS regulations.[3]

43.  Defendant tends to give erroneous and/or incomplete tax advice to consumers.

44.  Such a statement in a collection letter suggests to the least sophisticated consumer that

---

[3] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996). (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

failure to pay will get the consumer into trouble with the IRS. [4]

45. The statement in Defendant's April 17, 2017 letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

46. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

47. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

48. Defendant's conduct violates 15 U.S.C. § 1692e.

**Second Count**
**15 U.S.C. §1692g**
**Validation of Debts**

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. The written notice must contain the amount of the debt.

52. The written notice must contain the name of the creditor to whom the debt is owed.

---

[4] *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,); *Wagner v. Client Services, Inc.*, No.08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998)

53. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

54. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

55. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

57. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

58. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to his rights.

59. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to his rights.

60. On or around April 17, 2017, Defendant mailed an initial demand letter to Plaintiff which

asserted that the account balance of $1,998.75 was allegedly due and owing.

61.  In the same letter it states:

    "Charge-Off Date: 12/28/2016."

62.  The letter then goes on to provide a breakdown:

    "The total amount of the debt due as of charge-off: $1,998.75
    The total amount of interest accrued since charge-off: $0.00
    The total amount of non-interest charges or fees accrued since charge-off:
    $0.00
    The total amount of payments made on the debt since charge-off:$0.00

63.  Furthermore, the letter then goes on to state:

"Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount as shown within this notice, an adjustment may be necessary after we receive your payment, in which event we will inform you."

64.  That language overshadows the validation requirement by falsely implying that if immediate payment is not made the amount owed will be greater.

65.  The Balance Due has not increased, due to fees, interest or other charges, after being charged off on 12/28/2016.

66.  The Balance Due will not increase because of fees, interest or other charges.

67.  That language overshadows the validation requirement by indicating to the least sophisticated consumer that immediate payment is necessary.

68.  Defendant has failed to adequately set forth the language required by 15 U.S.C. § 1692g.

69.  Defendant has failed to clearly set forth the language required by 15 U.S.C. § 1692g.

70.  Defendant's conduct would likely make the least sophisticated consumer uncertain as to

his rights.

71. Defendant's conduct would likely make the least sophisticated consumer confused as to his rights.

72. Defendant has violated §1692g as the above-referenced language overshadows the information required to be provided by that Section.

### Third Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations

73. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "72" herein with the same force and effect as if the same were set forth at length herein.

74. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

76. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

77. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

78. Furthermore, Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection as to the status of a debt.

79. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that "the balance owed may increase due to fees." As the account balance Defendant seeks to collect **never** varies from the date of

13

issuance of its Collection, and Defendant **never** makes an adjustment due to the terms of the original credit agreement after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

80. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

81. The least sophisticated consumer would likely be deceived by Defendant's conduct.

82. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

83. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**Fourth Count**
**15 U.S.C. §1692e *et seq*.**
**False or Misleading Representations**

84. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "62" herein with the same force and effect as if the same were set forth at length herein.

85. Pursuant to 15 USC §1692g, a debt collector:

 (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (1) The amount of the debt;
   (2) The name of the creditor to whom the debt is owed;
   (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion

thereof, the debt will be assumed to be valid by the debt-collector;
(4) A statement that the consumer notifies the debt collector in writing
within thirty-day period that the debt, or any portion thereof, is
disputed, the debt collector will obtain verification of the debt or a copy
of a judgment against the consumer and a copy of such verification or
judgment will be mailed to the consumer by the debt collector; and
(5) A statement that, upon the consumer's written request within the
thirty- day period, the debt collector will provide the consumer with the
name and address of the original creditor, if different from the current
creditor.

86. Defendant violated 15 USC §1692g by failing to accurately state the balance of the debt

by stating: "Because of interest, late charges and other charges that may be assessed by

your creditor that vary from day to day, the amount due on the day you pay, may be

greater. Thus, if you pay the total amount as shown within this notice, an adjustment

may be necessary after we receive your payment, in which event we will inform you."

87. As a result of Defendant's action, Plaintiff and the least sophisticated consumer

could reasonably conclude that she must pay the balance stated in the letter

immediately or possibly owe a larger amount, thus leaving her uncertain as to her

rights.

88. Furthermore, as a result of Defendant's action, Plaintiff and the least sophisticated

consumer would  not  know the exact  amount  due and owing,  as  required by 15

USC §1692g(1), where the Collection Letter falsely stated that the amount due may

be greater than the amount actually stated on the Collection Letter.

89. Defendant has failed to adequately set forth the language required by 15 U.S.C. § 1692g.

90. Defendant has failed to clearly set forth the language required by 15 U.S.C. § 1692g.

91. Defendant's conduct would likely make the least sophisticated consumer uncertain as to

his rights.

92. Defendant's conduct would likely make the least sophisticated consumer confused as to his rights.

93. Defendant has violated §1692g as the above-referenced language fails to clearly state the amount of the debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and

(b)   certifying Plaintiff as Class representative, and Abraham Hamra, Esq., as Class Counsel;

(b)   Awarding Plaintiff and the Class statutory damages;

(c)   Awarding Plaintiff and the Class actual damages;

(d)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)   Awarding pre-judgment interest and post-judgment interest; and

(f)   Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 8, 2017

Respectfully submitted,

By: __ /s/ Abraham Hamra
Abraham Hamra, Esq.
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone:  (646) 590-0571
*Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*/s/ Abraham Hamra*
Abraham Hamra, Esq.

Dated: June 08, 2017